AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Humberto MARQUEZ-ROCHA<br>a/k/a Humberto MARQUEZ<br><br>*Defendant(s)* | )<br>)<br>) Case No. 5:25-mj-1023-PRL<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 29, 2024__ in the county of __Lake__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Reentry by a Previously Deported Alien |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Deportation Officer Mark Annotti, ICE
Printed name and title

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: __February 10, 2025__

_____
Judge's signature

City and state: __Ocala, Florida__     United States Magistrate Judge Philip R. Lammens
Printed name and title

STATE OF FLORIDA      CASE NO. 5:25-mj-1023-PRL

COUNTY OF MARION

### AFFIDAVIT IN SUPPORT OF THE ISSUANCE OF A CRIMINAL COMPLAINT

I, Mark Annotti, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Deportation Officer (DO) with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Enforcement Removal Operations (ERO), and have been employed with DHS/ICE/ERO for 21 years. I am currently appointed as the ERO Criminal Prosecutions (ECP) Officer assigned to Orlando, Florida. My duties include the investigation, arrest, and prosecution of cases involving persons who are illegally residing in the United States in violation of federal law.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that a violation of federal law has been committed.

3. On September 29, 2024, the Florida Highway Patrol (FHP) arrested **Humberto MARQUEZ-ROCHA**, a/k/a Humberto MARQUEZ, and booked him into the Lake County Jail (LCJ) based on state criminal charge of operate motor vehicle without valid license (case: 35-2024-CT-006115). Following his arrest, the LCJ booking system automatically forwarded **MARQUEZ-ROCHA's** information to the ACRIMe (Alien Criminal Response Information Management System) national database.

4. On October 1, 2024, DO Ralph Angulo identified **MARQUEZ-ROCHA's** information in ACRIMe, verified his identity, and determined that he likely was in the United States illegally. When DO Angulo attempted to file an ICE immigration detainer on **MARQUEZ-ROCHA** with the LCJ, **MARQUEZ-ROCHA** had already been released on bond.

5. On February 3, 2025, **MARQUEZ-ROCHA** was remanded into custody by a Lake County judicial order. The Lake County Sheriff's Office (LCSO) arrested **MARQUEZ-ROCHA** and booked him into the LCJ to serve a 10-day imprisonment sentence (case: 35-2024-CT-006115). Following his arrest, the LCJ booking system automatically forwarded **MARQUEZ-ROCHA's** information to the ACRIMe (Alien Criminal Response Information Management System) national database.

6. On February 4, 2025, DO Michal Kocian identified **MARQUEZ-ROCHA's** information in ACRIMe, verified his identity, and determined that he likely was in the United States illegally. DO Kocian filed an ICE immigration detainer on **MARQUEZ-ROCHA** with the LCJ.

7. On February 4, 2025, DO Kocian contacted the Florida Department of Law Enforcement (FDLE), Biometric Service Section, and requested/received **MARQUEZ-ROCHA's** fingerprints relating to the LCJ booking on September 29, 2024. On February 4, 2025, DO Kocian submitted this set of fingerprints to the Federal Bureau of Investigation Criminal Justice Information Services Division (also referred to as IAFIS). IAFIS analyzed the set of fingerprints and found them to match **MARQUEZ-ROCHA** and his unique FBI number. DO Kocian forwarded **MARQUEZ-ROCHA's** case to me because it falls under the guidelines of my assigned duties as the ECP Officer.

8. A review of various databases and ICE records disclosed that **MARQUEZ-ROCHA** has an Alien File Number (A xxx xxx 208). He was born in 1983, in Rioverde, San Luis Potosí, Mexico. He is a citizen of Mexico and not a citizen of the United States. On July 27, 2014, **MARQUEZ-ROCHA** was administratively ordered deported/removed from the United

3

States to Mexico. MARQUEZ-ROCHA was physically removed from the United States to Mexico on September 10, 2014.

9. MARQUEZ-ROCHA has never applied to the Attorney General of the United States and/or the Secretary of the Department of Homeland Security for permission to re-enter the United States after being removed/deported from the United States.

10. Based on the foregoing, there is probable cause to believe that on September 29, 2024, MARQUEZ-ROCHA was found to be in the United States voluntarily after being previously removed or deported, in violation of 8 U.S.C. § 1326(a).

This concludes my affidavit.

_____
Mark Annotti
Deportation Officer
Immigration & Customs Enforcement

*Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this* 10th *day of February 2025.*

_____
The Honorable Philip R. Lammens
United States Magistrate Judge